UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEPHAN RIST,                               )
                                            )
        Plaintiff,                      )
                                            )
v.                                          )
                                            )
REPUTATION INSTITUTE, INC.,                 )
                                            )
        Defendants.                     )
                                            )

## COMPLAINT AND JURY DEMAND

### Introduction

Stephan Rist was a successful Vice President of Sales for Reputation Institute, Inc. ("RI"). Over the course of his employment with the company, Mr. Rist closed innumerable lucrative deals for RI. Under the terms of his employment offer letter, Mr. Rist earned commissions on the sales he closed. However, on September 1, 2017, RI unceremoniously terminated Mr. Rist's employment and unlawfully ceased paying him the commissions he earned. In fact, the circumstances of his termination, including comments made by then-Chief Executive Officer Jamie Bedard, confirm that RI unlawfully terminated Mr. Rist for the purpose of depriving him of his earned commissions. Mr. Rist brings this action to recover payments unlawfully withheld from him and to recover for other damages that RI inflicted upon him.

### Parties

1. Plaintiff Stephan Rist is a resident of Collegeville, Pennsylvania.

2. Defendant Reputation Institute, Inc. ("RI") is a Delaware corporation with a principal place of business located at 399 Boylston St., Boston, Massachusetts.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332 because Mr. Rist and RI are citizens of different states and the amount in controversy exceeds $75,000.

4. Venue is proper in this Court because, at all times relevant to this Complaint, Mr. Rist worked out of RI's offices in Cambridge, Massachusetts.

## Facts

5. On June 18, 2014, RI presented Mr. Rist with an employment offer letter ("Letter"). A true and accurate copy of the Letter is attached as Exhibit A.

6. Under the terms of the Letter, commissions on sales were to be an aspect of Mr. Rist's compensation.

7. In particular, the Letter provided that "[Mr. Rist] will receive a sales commission for all sales that either (sic) [he] drive[s]. All sales commissions are paid when they are earned (booking is accounted for and cash is received) consistent with RI Company payroll policies."

8. Mr. Rist signed the Letter on or about June 22, 2014, thereby accepting employment with RI under the terms and conditions set forth in the Letter.

9. Initially, Mr. Rist's commissions were calculated on 5% of bookings. That number increased over time, such that as of April 2017, Mr. Rist was earning a commission rate of 7.5% on all bookings.

10. During his employment, Mr. Rist was a successful salesman for RI. He closed innumerable deals, which produced significant revenue for RI.

11. Under the terms of the Letter, Mr. Rist earned commissions on the sales that he closed.

12. Nothing in the Letter conditioned Mr. Rist's right to receive his earned commissions on his continued employment with RI.

13. In fact, many of the contracts Mr. Rist procured for RI involved multi-year agreements through which the client was not billed for, and did not pay, the entire contract value up front but rather scheduled billings and payments in installments over the course of several years.

14. In the case of a multi-year agreement, Mr. Rist would receive a portion of his commission earned for that agreement when RI received an installment payment from the customer.

15. However, once Mr. Rist closed the sale, no further action on his part was required on the deal, even where a customer paid in multi-year installments.

16. On September 2, 2017, RI terminated Mr. Rist's employment without cause.

17. At the time of his termination, Mr. Rist was waiting on his full commissions for approximately 22 deals, some of which were being billed out on an installment basis.

18. On many of those deals, Mr. Rist already had received a portion of his earned commission based on the customers' earlier installment payments.

19. However, RI unilaterally declared to Mr. Rist that he would receive no further commission on those deals following his termination, reflecting that its decision to terminate Mr. Rist's employment was based on its desire to wrongfully keep Mr. Rist's earned commissions for itself.

20. On information and belief, since the date of Mr. Rist's termination, RI has received additional payments from its clients on deals that Mr. Rist secured for the company, but it has not paid Mr. Rist any further commissions that he earned.

21.  Mr. Rist has filed a Non-Payment of Wage Complaint with the Fair Labor Division of the Office of the Attorney General against Defendant, and requested a private right of action.

22.  The Office of the Attorney General issued Mr. Rist an authorization to file a private lawsuit against RI.

Count I – Violation of Massachusetts Wage Act

23.  Mr. Rist repeats and incorporates by reference the factual allegations set forth in paragraphs 1 through 22 as if fully set forth herein.

24.  The commissions Mr. Rist earned are "wages" within the meaning of G.L. c. 149, §§ 148, 150 (the "Wage Act").

25.  RI has not paid Mr. Rist all of the wages he has earned in a timely manner, as required under the Wage Act.

26.  Mr. Rist has suffered damages as a result of RI failing to pay him all of the commissions that he earned.

27.  Mr. Rist has complied with the Wage Act's administrative exhaustion requirements and has received permission from the Attorney General's Office to pursue this civil action.

Count II – Breach of Contract

28.  Mr. Rist repeats and incorporates by reference the factual allegations set forth in paragraphs 1 through 27 as if fully set forth herein.

29.  Mr. Rist had a valid and enforceable contract with RI, supported by adequate consideration.

30.  At all relevant times, Mr. Rist performed all of his obligations under the contract.

31.  RI breached the contract by failing to pay Mr. Rist all of the commissions he has earned.

32. Mr. Rist has suffered damages as a result of RI's breach of contract.

## Count III – Unjust Enrichment

33. Mr. Rist repeats and incorporates by reference the factual allegations set forth in paragraphs 1 through 32 as if fully set forth herein.

34. Mr. Rist closed numerous sales for RI for which he should have been paid commissions.

35. RI has retained Mr. Rist's commissions and therefore has been unjustly enriched.

36. Mr. Rist has suffered damages as a result of RI's unjust enrichment.

## Count IV – Violation of the Covenant of Good Faith and Fair Dealing

37. Mr. Rist repeats and incorporates by reference the factual allegations set forth in paragraphs 1 through 36 as if fully set forth herein.

38. As of the date of his termination, Mr. Rist had performed all of the work required of him to earn the commissions at issue in this case.

39. On information and belief, RI terminated Mr. Rist's employment for the purpose of avoiding paying him the commissions he earned.

40. Mr. Rist has suffered damages as a result of RI's actions.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Rist respectfully prays that this Court:

1. Award Mr. Rist the wages he is owed;

2. Award Mr. Rist statutory penalties under the Wage Act for the wages that RI has wrongfully withheld;

3. Award Mr. Rist his attorneys fees as provided under the Wage Act;

4. Award Mr. Rist monetary damages against RI in an amount to be determined at trial, for his breach of contract and tort claims;

5. Award Mr. Rist pre-judgment and post-judgment interest as provided by law; and

6. Award such other relief as this Court deems just.

Jury Demand

Mr. Rist demands a jury trial on all issues so triable.

STEPHAN RIST,
By his attorneys,


/s/ Robert G. Young
Timothy P. Van Dyck (BBO #548347)
Robert G. Young (BBO #650541)
BOWDITCH & DEWEY, LLP
200 Crossing Boulevard
Framingham, MA 01702
Telephone:  617.757.6537
Facsimile:  508.929.3137
E-mail:  tvandyck@bowditch.com
         ryoung@bowditch.com

Date:  July 1, 2019