UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STEPHAN RIST, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 19-11448-LTS |
| REPUTATION INSTITUTE, INC. | ) ) ) | |
| Defendant. | ) ) | |

ORDER ON PARTIAL MOTION TO DISMISS (DOC. NO. 7)

January 17, 2020

SOROKIN, J.

Now before the Court is Defendant Reputation Institute, Inc.'s Motion to Dismiss Count I ("Violation of the Massachusetts Wage Act"), Count III ("Unjust Enrichment"), and Count IV ("Violation of the Covenant of Good Faith and Fair Dealing") of Plaintiff Stephan Rist's Complaint. Doc. No. 7.[1] For the following reasons, the motion is ALLOWED IN PART and DENIED IN PART.

I.    FACTS

This lawsuit involves a dispute about sales commissions.[2] Before his termination on September 1, 2017, Mr. Rist was a Vice President of Sales for Reputation Institute. Doc. No. 1

---

[1] Reputation Institute has not moved to dismiss Count II of the Complaint, which alleges breach of contract. Doc. No. 1 at 4.

[2] The Court recounts facts as alleged in Mr. Rist's Complaint, Doc. No. 1, "accept[ing] as true all well-pleaded facts in the complaint and draw[ing] all reasonable inferences in favor of the plaintiff[]." Gargano Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009).

at 1.  Pursuant to an employment offer letter dated June 18, 2014, Mr. Rist was entitled to "receive a sales commission for all sales that either (sic) [he] drive[s]."  Id. ¶ 7.[3]  Furthermore, the letter provided that "[a]ll sales commissions are paid when they are earned (booking is accounted for and cash is received) consistent with RI Company payroll policies."  Id.  According to the Complaint, "Mr. Rist's commissions were [initially] calculated on 5% of bookings," but the percentage "increased over time, such that as of April 2017, Mr. Rist was earning a commission rate of 7.5% on all bookings."  Id. ¶ 9.

Central to this dispute are several "multi-year agreements" that Mr. Rist procured for Reputation Institute during his employment.  Id. ¶¶ 13, 17.  For such multi-year agreements, a given client "was not billed for, and did not pay, the entire contract value up front but rather scheduled billings and payments in installments over the course of several years."  Id.  As a result of this payment scheme, "Mr. Rist would receive a portion of his commission earned for [a given multi-year agreement] when [Reputation Institute] received an installment payment from the customer."  Id. ¶ 14.  According to the Complaint, "once Mr. Rist closed [a] sale, no further action on his part was required on [a] deal, even where a customer paid in multi-year installments."  Id. ¶ 15.

As of September 2017, when Mr. Rist was terminated without cause, he was "waiting on his full commissions for approximately 22 deals, some of which were being billed out on an installment basis."  Id. ¶ 17.  Mr. Rist states that he has already "received a portion of his earned commission based on [] customers' earlier installment payments."  Id. ¶ 18.  However, Mr. Rist

---

[3] A copy of the employment letter was attached to Mr. Rist's Complaint.  Doc. No. 1-3.  See Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993) (holding that, at the motion to dismiss stage, courts may accept as true facts contained in "documents the authenticity of which are not disputed by the parties," "documents central to plaintiffs' claim," and "documents sufficiently referred to in the complaint").

alleges that since his termination, Reputation Institute "has received additional payments from its clients on deals that Mr. Rist secured for the company, but it has not paid Mr. Rist any further commissions." Id. ¶ 20.

II. LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint "must provide fair notice to the defendants and state a facially plausible legal claim." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011). The Court's "sole inquiry . . . is whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintiff [], the complaint states a claim for which relief can be granted." Id. at 7 (citing Fed. R. Civ. P. 12(b)(6)). In other words, the Court asks whether the complaint "contain[s] sufficient factual matter to state a claim to relief that is plausible on its face." Rodríguez–Reyes v. Molina–Rodríguez, 711 F.3d 49, 53 (1st Cir. 2013) (internal quotation mark omitted).

III. DISCUSSION

A. The Massachusetts Wage Act

Mr. Rist alleges that Reputation Institute's failure to pay certain commissions violates the Massachusetts Wage Act. Doc. No. 1 at 4. The Massachusetts Wage Act applies "to the payment of commissions when the amount of such commissions . . . has been definitely determined and has become due and payable to such employee." Mass. Gen. Laws ch. 149 § 148 (emphasis added). "In order to be 'definitely determined,' a commission must be 'arithmetically determinable.'" McAleer v. Prudential Ins. Co. of Am., 928 F. Supp. 2d 280, 287 (D. Mass. 2013) (quoting Wiedmann v. The Bradford Grp., Inc., 831 N.E.2d 304, 312 (Mass. 2005)). Furthermore, "[c]ommissions are due and payable when 'any contingencies relating to their entitlement have occurred.'" Id. at 288 (quoting Sterling Research, Inc. v. Pietrobono, No. 02–

40150, 2005 WL 3116758, at *11 (D. Mass. Nov. 21, 2005)). "When as here, 'a compensation plan specifically sets out the contingencies an employee must meet to earn a commission, courts apply the terms of the plan.'" Ellicott v. Am. Capital Energy, Inc., 906 F.3d 164, 170 (1st Cir. 2018) (quoting McAleer, 928 F. Supp. 2d at 289).

Mr. Rist contends that the Wage Act encompasses commissions for which he performed all the work required to "earn" the commissions prior to his termination, even though the contingencies that constitute condition precedents for payment—that "booking is accounted for and cash is received"—occurred after his termination. Doc. No. 10 at 5. Put another way, Mr. Rist contends that these post-termination commissions became "due and payable" within the meaning of the Wage Act when the contingency, chiefly payment, was satisfied. Id. In contrast, Reputation Institute contends that the Wage Act does not reach these commissions. Doc. No. 8 at 5 ("Since the terms of Mr. Rist's commission plan specify the contingency which he had to meet to earn a commission—getting the customer's cash in the door—this Court should apply the terms of the plan [and find the Wage Act inapplicable]").

Factually, the issue is further complicated because Mr. Rist's claim primarily concerns multi-year contracts[4] which, but for termination, he alleges would have entitled him to receive commissions each year upon payment by the customer. Doc. No. 1 ¶ 14. This potentially thorny question of law, depending upon the facts, might not require resolution, and, in any event, is best resolved on the fuller factual record available at summary judgment or trial. Cf. Bloomfield v. Yates Enterprises, Inc., No. CV 10-10565-PBS, 2011 WL 13253915, at *3 (D. Mass. Feb. 10,

---

[4] Not, for example, a contract fully secured just before termination with the customer's cash payment occurring shortly after termination. See, e.g., McAleer, 928 F. Supp. 2d at 289 (holding that "any sales [the employee] closed while employed [] may have been earned, and could have been due and payable, at the time of the closing, even if [the employer] did not receive the premiums until after it terminated [the plaintiff-employee's] employment").

4

2011) (holding that the "fuller factual record on summary judgment will provide a firmer basis for resolution [of certain legal arguments]"); <u>Bovin Belskis v. DT Developers Inc.</u>, No. 1:15-CV-00091-JAW, 2016 WL 5395833, at *1 (D. Me. Sept. 27, 2016) (denying motion for judgment on the pleadings where the court would benefit from a "more fully developed factual and legal record"). Among other factual issues, the Court notes that: (1) Reputation Institute's "employee handbook," referenced in the contract, Doc. No. 1-3 at 3, is not before the Court on this motion; (2) the Complaint alleges that "once Mr. Rist closed [a] sale, no further action on his part was required on [a] deal," Doc. No. 1 ¶ 15; and (3) the contract provides for commissions only when an employee "drives" the sale, a limitation that might—or might not—apply to renewals of multi-year agreements. <u>Id.</u> ¶ 7. Accordingly, the Motion to Dismiss Count I of the Complaint is DENIED WITHOUT PREJUDICE.

    B. <u>Unjust Enrichment</u>

In addition to his claim under the Wage Act, Mr. Rist alleges that Reputation Institute has been "unjustly enriched." Doc. No. 1 ¶ 35. However, "[a] plaintiff is not entitled to recovery on a theory of quantum meruit where there is a valid contract that defines the obligations of the parties." <u>Bos. Med. Ctr. Corp. v. Sec'y of Exec. Office of Health & Human Servs.</u>, 974 N.E.2d 1114, 1132 (Mass. 2012); <u>see also</u> Restatement (Third) of Restitution and Unjust Enrichment § 2 (2011) ( "A valid contract defines the obligations of the parties as to matters within its scope, displacing to that extent any inquiry into unjust enrichment"). Here, the parties agree that Mr. Rist's employment agreement is a valid and binding contract that governs this dispute. Doc. No. 14 at 3. Even drawing all reasonable inferences in Mr. Rist's favor, his Complaint alleges no facts that give rise to an additional quantum meruit theory. Thus, the Motion to Dismiss Count III is ALLOWED.

C. <u>Violation of the Covenant of Good Faith and Fair Dealing</u>

Finally, Mr. Rist alleges that Reputation Institute "terminated Mr. Rist's employment for the purpose of avoiding paying him the commissions he earned," thus violating the covenant of good faith and fair dealing. Doc. No. 1 ¶ 39. Courts have consistently held that "an employer who terminates an employee without good cause in order to deprive him of commissions may violate the covenant of good faith and fair dealing." <u>McAleer</u>, 928 F. Supp. 2d at 291 (internal quotation marks omitted); <u>Krause v. UPS Supply Chain Sols., Inc.</u>, No. CIV.A.08-CV-10237DPW, 2009 WL 3578601, at *14 (D. Mass. Oct. 28, 2009) (noting that under Massachusetts law, "an employer breaches an implied covenant of good faith and fair dealing in an at-will employee contract when the employer terminates the employee in bad faith in order to deprive the employee of her commissions."). In light of this established legal framework and the facts as alleged in Mr. Rist's Complaint, the Motion to Dismiss Count IV of the Complaint is DENIED.

IV. <u>CONCLUSION</u>

For the foregoing reasons, the Motion to Dismiss (Doc. No. 7) is ALLOWED IN PART and DENIED IN PART.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge